# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| PARK 80 HOTELS, LLC and PL HOTELS, LLC, | |
| Plaintiffs, | |
| v. | Case No. 1:21-cv-4650-ELR |
| HOLIDAY HOSPITALITY FRANCHISING, LLC and SIX CONTINENTS HOTELS, INC. d/b/a INTERCONTINENTAL HOTELS GROUP, | |
| Defendants. | |
| PH LODGING TOMBALL, LLC, | |
| Plaintiff, | |
| v. | Case No. 1:21-CV-5072-SDG |
| HOLIDAY HOSPITALITY FRANCHISING, LLC and SIX CONTINENTS HOTELS, INC. d/b/a INTERCONTINENTAL HOTELS GROUP, | |
| Defendants. | |
| BENSALEM LODGING ASSOCIATES LLC, | |
| Plaintiff, | |

1

| | |
|---|---|
| v.<br><br>HOLIDAY HOSPITALITY FRANCHISING, LLC and SIX CONTINENTS HOTELS, INC. d/b/a INTERCONTINENTAL HOTELS GROUP,<br><br>     Defendants. | Case No. 1:21-cv-5081-LMM |
| SYNERGY HOTELS, LLC,<br><br>     Plaintiff,<br><br>v.<br><br>HOLIDAY HOSPITALITY FRANCHISING, LLC and SIX CONTINENTS HOTELS, INC. d/b/a INTERCONTINENTAL HOTELS GROUP,<br><br>     Defendants. | Case No. 1:21-CV-5164-MHC |

### STIPULATED NOTICE OF RELATED CASES, JOINT MOTION TO TRANSFER SUBSEQUENTLY FILED RELATED CASES, AND JOINT MOTION TO CONSOLIDATE RELATED CASES FOR PRETRIAL PROCEEDINGS

Plaintiffs in each of the above-captioned cases and Defendants Holiday Hospitality Franchising and Six Continents Hotels, Inc. (collectively, "IHG") hereby jointly submit this Notice of Related Cases to advise the Court of these four related pending cases, each of which was originally filed in a different District across the

2

country and was recently transferred to this District. The above-identified related cases are listed chronologically in the order in which they were transferred to and docketed in this District, the earliest of which being *Park 80 Hotels, LLC, et al., v. Holiday Hospitality Franchising, LLC, et al.,* Case No. 1:21-cv-4650-ELR, which was assigned to Hon. Eleanor L. Ross on November 9, 2021.

Additionally, the parties hereby jointly request that the three later docketed actions and any subsequently transferred or filed related cases be transferred to Judge Ross, and jointly request to consolidate all four of the above-styled related cases for pretrial proceedings, together with any related cases that might subsequently be transferred to this District after the date of consolidation. In support of these requests, the parties state as follows:

1.    The above-styled actions are four of (to date) seven putative class actions that were filed in seven Districts across the country by hotel licensees asserting nearly identical claims against IHG, which involve certain common business programs and decisions that IHG has implemented for its national hotel systems.

2.    The above-styled actions were originally filed in the following courts on the following dates:

   a.  *Park 80 Hotels, LLC, et al., v. Holiday Hospitality Franchising, LLC, et al.* – E.D. La. May 19, 2021

3

b.  *PH Lodging Tomball, LLC v. Holiday Hospitality Franchising, LLC, et al.* – S.D. Tex. June 3, 2021

c.  *Synergy Hotels, LLC v. Holiday Hospitality Franchising, LLC, et al.* – S.D. Oh. June 7, 2021

d.  *Bensalem Lodging Associates, LLC v. Holiday Hospitality Franchising, LLC, et al.* – E.D. Pa. June 29, 2021

3.      Plaintiffs are represented in all of these cases by national counsel. Plaintiffs' national counsel and IHG's counsel have and continue to communicate well in matters related to the administration of all of the seven related putative class actions to date filed against IHG.

4.      IHG acknowledged service of the Complaints in each of the seven cases. In the four above-styled cases, Plaintiffs and IHG stipulated and agreed to a responsive pleading date of August 27, 2021.

5.      On August 27, 2021, IHG timely filed a Motion to Dismiss in each of the above-styled actions. IHG contemporaneously filed a Motion to Transfer each of the above actions to the United States District Court for the Northern District of Georgia pursuant to 28 U.S.C. § 1404(a) and the terms of the identical forum selection clauses in the Plaintiffs' respective License Agreements. IHG has filed

4

similar motions to dismiss and to transfer in two of the three other actions that are still pending in other Districts across the country.[1]

6.     After IHG filed its initial motions in these cases, including in the above-styled cases, the parties stipulated that they would fully brief IHG's Motion to Transfer in each case while deferring briefing on IHG's Motion to Dismiss until such time as the Motion to Transfer should be decided.

7.     On November 9, 2021, the Eastern District of Louisiana in *Park 80 Hotels LLC, et al. v. Holiday Hospitality Franchising, LLC, et al.* entered an order granting IHG's transfer motion and transferring the case before it to the Northern District of Georgia, where it was docketed and assigned to the Hon. Eleanor L. Ross.

8.     On December 10, 2021, the Southern District of Texas in *PH Lodging Tomball, LLC v. Holiday Hospitality Franchising, LLC, et al.*, entered an order granting IHG's transfer motion and transferring the case before it to the Northern District of Georgia. The *PH Lodging Tomball* case was docketed that same day and assigned to the Hon. Steven D. Grimberg.

9.     On December 10, 2021, the Eastern District of Pennsylvania in *Bensalem Lodging Associates LLC v. Holiday Hospitality Franchising, LLC, et al.*,

---

[1] In the remaining action, where IHG has not yet filed a motion to transfer, the deadline to respond to the complaint has been extended by agreement of the parties and order of the court through and including January 10, 2021.

9280011.v2

entered an order granting IHG's transfer motion and transferring the case before it to the Northern District of Georgia. The *Bensalem Lodging* case was docketed in this Court on December 13, 2021 and assigned to Hon. Leigh Martin May.

10.    On December 17, 2021, the Southern District of Ohio in *Synergy Hotels, LLC v. Holiday Hospitality Franchising, LLC, et al.*, entered an order granting IHG's transfer motion and transferring the case before it to the Northern District of Georgia. The *Synergy Hotels* case was docketed that same day and assigned to Hon. Mark H. Cohen.

11.    Counsel for the parties have conferred as to how the four actions now transferred to this District can be jointly administered in a manner that promotes economy and efficiency for the Court and the parties. The parties have agreed and stipulated that the *PH Lodging Tomball* case, the *Bensalem* case, and the *Synergy Hotels* case should be transferred to Judge Ross, who currently is presiding over the first of all the seven cases to be filed nationally and the first to be transferred to this District (the *Park 80 Hotels* case). The parties further agree and stipulate to consolidate the above-styled actions for common management of pretrial proceedings.

12.    Pursuant to Federal Rule of Civil Procedure 42(a), in actions pending in this Court that "involve a common question of law or fact," the Court may "consolidate the actions" or "issue any other orders to avoid unnecessary cost or

9280011.v2

delay." Fed. R. Civ. P. 42(a)(2)-(3). Rule 42 "is a codification of a trial court's inherent managerial power 'to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for the litigants.'" *Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985) (citation omitted). In exercising its discretion, the Court should weigh the risk of prejudice and confusion wrought by consolidation (if any) against the risk of inconsistent rulings on common factual and legal questions, the burden on the parties and the court, the length of time, and the relative expense of proceeding with separate lawsuits if they are not consolidated. *Id.* The parties to the above-captioned related cases agree that these factors favor consolidation of these case for pretrial proceedings.

13.   The above-captioned related cases involve substantial common questions of law and fact. Plaintiffs in these cases each executed a license agreement with Holiday Hospitality Franchising, LLC ("HHF") to operate their respective hotel properties as a branded hotel within IHG's national system of hotels. Plaintiffs' respective license agreements are substantially the same in relevant respects, and Plaintiffs' Complaints in these actions attempt to raise identical challenges to common provisions of these agreements. Plaintiffs have also generally challenged common business programs and practices implemented by IHG across its system of hotels. The bulk of discovery will involve common documents and witnesses from IHG.

7

14.     Consolidation for pretrial proceedings would avoid unnecessary costs for the parties and this Court in resolving common legal questions and conducting discovery, among other tasks. Consolidation will allow a single Judge to rule on the Motions to Dismiss that IHG has filed in each of these cases, asserting nearly identical arguments that the claims asserted in the nearly identical complaints should be dismissed. Consolidation will prevent the possibility of inconsistent rulings on legal questions common to all Plaintiffs on issues that are common across IHG's hotel systems.

15.     Consolidation will also prevent the possibility of inconsistent rulings on the class certification questions that these related cases will present, in the event any claims survive the pending Motions to Dismiss. Plaintiffs in each case purport to assert claims on behalf of a class of IHG licensees in the state where Plaintiffs' respective hotels are located. Given the virtual identity of claims and substantial overlap of facts, any motions for class certification that may be filed in these cases are likely to raise nearly identical questions under Federal Rule of Civil Procedure 23. Consolidation will allow a single Judge to consider and rule on those questions in a manner that avoids inconsistent rulings.

16.     If any portion of these cases remains pending after resolution of IHG's Motions to Dismiss, moreover, consolidation will allow the four related cases to proceed through discovery simultaneously and decrease the number of total

depositions. Consolidation will prevent duplicative written discovery and will streamline the exchange of documents and information in these related cases, which are virtually certain to involve substantial factual overlap.

17.   For all these reasons, the parties stipulate and agree that the Court should exercise its wide discretion to consolidate these actions for pretrial proceedings. The parties request that the above-styled cases retain their separate identities until such later time as the parties may request and the Court may order further relief (if at all).

WHEREFORE, NOTICE is hereby given of the above-captioned related cases transferred to this District between November 9 and December 17, 2021; the parties hereby stipulate and jointly request that the *PH Lodging Tomball* case, the *Bensalem* case, and the *Synergy Hotels* case be transferred to Judge Ross, who currently is presiding over the first-filed and first-transferred action; and the parties additional stipulate and jointly request that the above-captioned related cases be consolidated for pretrial proceedings pursuant to Rule 42(a).

A proposed order is attached to this filing in the *Park 80 Hotels* case.

9280011.v2

Respectfully submitted this 22nd day of December, 2021.

| | |
|---|---|
| **THE FINELY FIRM, P.C.** | **PARKER, HUDSON, RAINER & DOBBS LLP** |
| */s/ MaryBeth V. Gibson* | */s/ Ronald T. Coleman, Jr.* |
| MaryBeth V. Gibson | Ronald T. Coleman, Jr. |
| Georgia Bar No. 725843 | Georgia Bar No. 177655 |
| 3535 Piedmont Road | Jared C. Miller |
| Building 14, Suite 230 | Georgia Bar No. 142219 |
| Atlanta, Georgia 30305 | Anne Horn Baroody |
| (404) 320-9979 | Georgia Bar No. 475569 |
| Email: MGibson@TheFinleyFirm.com | 303 Peachtree Street, NE |
| | Suite 3600 |
| **MARKS & KLEIN, LLP** | Atlanta, Georgia 30308 |
| | (404) 523-5300 |
| Andrew P. Bleiman | rcoleman@phrd.com |
| Mark Fishbein | jmiller@phrd.com |
| 1363 Shermer Road | abaroody@phrd.com |
| Suite 318 | |
| Northbrook, Illinois 60062 | |
| (312) 206-5162 | |
| andrew@marksklein.com | |
| mark@marksklein.com | |
| | |
| Justin M. Klein | |
| 63 Riverside Avenue | |
| Red Bank, New Jersey 07701 | |
| (732)747-7100 | |
| justin@marksklein.com | |
| | |
| **WHITE & WILLIAMS LLP** | |
| | |
| Justin E. Proper | |
| 1650 Market St. | |
| One Liberty Pl. | |
| Suite 1800 | |
| Philadelphia, PA 19103 | |

9280011.v2

| (215) 864-7165<br>properj@whiteandwilliams.com | |
| --- | --- |
| *Attorneys for Plaintiff, Bensalem Lodging Associates LLC* | *Attorneys for Defendants Holiday Hospitality Franchising, LLC and Six Continents Hotels, Inc. d/b/a InterContinental Hotels Group* |

9280011.v2